**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 27, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

MICHAEL ERICK STACHMUS,

      Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

      Respondent - Appellee.

No. 14-7092
(D.C. No. 6:11-CV-00027-JHP-KEW)
(E.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **LUCERO**, and **McHUGH**, Circuit Judges.

      Petitioner-Appellant Michael Stachmus seeks to appeal from the district court's judgment[1] rejecting his challenge to his state court conviction pursuant to 28 U.S.C. § 2254. See Stachmus v. Rudek, No. 11–CV–27–JHP–KEW, 2014 WL 4966157 (E.D. Okla. Sept. 30, 2014) (order). The parties are familiar with the facts and we need not restate them here. Mr. Stachmus was convicted of first-degree murder of his spouse and sentenced to life imprisonment without the

---

[1] The district court's judgment incorrectly recites that Mr. Stachmus was sentenced to death. Aplt. App. 215. Additionally, the district court did not address whether a certificate of appealability (COA) should be issued or denied as required by Rule 11(a) of the Rules Governing Section 2254 Cases. Counsel has moved for a COA in the opening brief.

possibility of parole. Okla. Stat. tit. 21, § 701.7(A). The Oklahoma Court of Criminal Appeals (OCCA) affirmed the judgment and sentence on direct appeal. Stachmus v. State, No. F-2008-413, (May 8, 2009), Aplt. App. 69–78. Mr. Stachmus sought post-conviction relief; the state district court's denial was affirmed. Stachmus v. State, No. PC 2010-1006 (Jan. 19, 2011), Aplt. App. 90–92. On appeal, he challenges the OCCA's rejection of his (1) sufficiency of the evidence claim, (2) Confrontation Clause and due process claim related to admission of a hearsay statement by the victim's brother, and (3) prosecutorial misconduct claim, as contrary to, or an unreasonable application of, Supreme Court precedent, or an unreasonable application of the facts in light of the evidence. 28 U.S.C. § 2254(d).

For this court to grant a COA, Mr. Stachmus must make "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), such that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Because the OCCA decided his claims on the merits, Mr. Stachmus must demonstrate that its resolution either "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented" or was "contrary to, or involved an unreasonable application of, clearly established

- 2 -

Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1)–(2). Under the "contrary to" clause, a federal court may grant the writ "if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 412–13 (2000). Under the "unreasonable application" clause, a federal court may grant the writ only if "the state court's application of clearly established federal law was objectively unreasonable." Id. at 409. We have examined the OCCA's resolution of the federal claims, and, like the district court, we conclude that it is consistent with federal law and based on a reasonable determination of the facts.

A.    Sufficiency of the Evidence

The OCCA rejected Mr. Stachmus's sufficiency of the evidence challenge. Aplt. App. 76–77. Mr. Stachmus takes issue with the prosecutor's theory that Mr. Stachmus attacked his spouse from behind, pressed her onto a deck, and then held her throat on the edge of their hot tub until she stopped breathing. Aplt. Br. at 26. He argues that such a struggle would have resulted in (1) greater disruption of the scene, (2) blood, and (3) injuries to himself. He also faults the medical examiner's testimony (and the OCCA's reliance upon it), arguing that it was not based solely on the autopsy, but rather was influenced by the police investigation. He further contends that the OCCA's resolution of his sufficiency of the evidence claim is contrary to the Supreme Court's decision in Jackson v. Virginia, 443 U.S.

- 3 -

307 (1979), because the OCCA concluded that evidence of a third-party perpetrator was unlikely, and that circumstantial evidence in the form of extra-marital activities and their disclosure were "relevant indicators" suggesting intent.

The legal standard for this claim is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319. Though Mr. Stachmus argues that the OCCA relied upon authority that predated Jackson and did not conduct an elements analysis, what matters is that the trial evidence support the result reached. Williams v. Trammell, 782 F.3d 1184, 1197 (10th Cir. 2015). Having reviewed the record including the trial exhibits, we agree with the district court that it certainly did. Stachmus, 2014 WL 4966157, at *4–6 (magistrate judge's analysis adopted by district court).

Essentially, Mr. Stachmus argues that more direct evidence was required to support the conviction. But that approach is inconsistent with the standards developed to review sufficiency of the evidence claims, particularly on collateral review. Circumstantial evidence may support a criminal conviction, as long as the proof is beyond a reasonable doubt. Desert Palace, Inc. v. Costa, 539 U.S. 90, 100 (2003). Further, conflicts in the evidence[2] must be resolved in favor of

_____

[2] The medical examiner testified the manner of death was homicide with the cause of death as "asphyxia due to compression of the neck and/or with drowning." IV Tr. 93; 1 R.S. State's Ex. 37. There were two separate incidents

the prosecution, and there is no requirement that the prosecution negate every hypothesis except guilt.  Jackson, 443 U.S. at 326.

B.      Confrontation Clause

Over objection, the victim's brother testified that the victim told him that if her husband (Mr. Stachmus) "was having an affair, cheating on her, or sending flowers or even talking to another woman, that she would leave him."  II Tr. 25–26.  Mr. Stachmus argues that this "was the centerpiece of the State's case for motive."  Aplt. Br. 40.  He further argues that this hearsay evidence was testimonial in nature and its admission was contrary to the Confrontation Clause, see Crawford v. Washington, 541 U.S. 36 (2004), due process, and Oklahoma law.

The OCCA held that the statement was admissible under state law as exhibiting the victim's state of mind as it pertained to her husband's potential infidelity.  Aplt. 71–72.  Of course, a federal habeas court does not exist to correct state law errors absent a showing that the error rendered the trial fundamentally unfair.  Duckett v. Mullin, 306 F.3d 982, 999 (10th Cir. 2002). The district court's conclusion that the remark was non-testimonial and fell within a hearsay exception under state law is not reasonably debatable.  And as noted by

---

of blunt force trauma to the head and those injuries could have contributed to the victim's death. IV Tr. at 93, 108. The suggestion that death was accidental or not the result of a homicide seems unlikely on this record. See Aplt. Br. at 25, 33.

the OCCA, abundant evidence in the record supported the State's theory that the victim was aware of Mr. Stachmus's extramarital interests which might have furnished a motive.  Aplt. App. 73.

C.      Prosecutorial Misconduct

The OCCA declined to find prosecutorial misconduct and concluded that the trial court's denial of a mistrial was within its discretion.  Aplt. App. 73–76. The district court's conclusion that Mr. Stachmus could not demonstrate that the actions of the prosecutor rendered his trial fundamentally unfair, Stachmus, 2014 WL 4966157, at *8–15, is not reasonably debatable particularly given the facts of the case.  Mr. Stachmus's counsel frequently objected, often with success.  We note that claims of due process violations based upon prosecutorial misconduct must be examined based upon the entire proceedings, and it is simply not logical to think that the give and take of the trial process (much of what this is) resulted in the jury abandoning its responsibility to render a verdict based upon the evidence.[3]  See Donnelly v. DeChristoforo, 416 U.S. 637, 643–44 (1974).

---

[3]  The OCCA rejected Mr. Stachmus's contention that the prosecutor essentially shifted the burden of proof to Mr. Stachmus in his closing argument and the claim of cumulative error.  Aplt. App. 76–77.  This is not contrary to or an unreasonable application of federal law, 28 U.S.C. § 2254(d), thus a different standard of review would not be warranted.  Aplt. Br. 56.

We DENY a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge